UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:16-cv-3-FDW

| | |
|---|---|
| JOSEPH BRIAN PACK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| ) | |
| CHARLIE McDONALD, ET AL., ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on periodic status review.

Plaintiff filed his *pro se* complaint on December 29, 2015, and requested that the Court use as his mailing address 101 Forston St., Flat Rock, NC 28726, rather than his jail address. (Doc. No. 1-1 at 1). The Clerk of Court accordingly used the Forston Street address as his address of record. On January 15, 2016, the Court entered an Order requiring Plaintiff to demonstrate his exhaustion of administrative remedies pursuant to 42 U.S.C. § 1997e and informing him of his obligation to either pay the $350 filing fee, and requested that the correctional facility provide a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915. (Doc. No. 4). He has not responded to date and it appears that he may have abandoned this action.

Plaintiffs have a general duty to prosecute their cases. In this regard, a *pro se* plaintiff must keep the Court apprised of his current address. See Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988) ("A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address."). Where a *pro se* plaintiff has failed to notify the Court of his change of address, the action is subject to dismissal without prejudice for failure to prosecute.

1

Accord Walker v. Moak, 2008 WL 4722386 (E.D. La. Oct. 22, 2008) (dismissing without prejudice a § 1983 action for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure where the plaintiff did not notify the court of his new address upon his release from jail).

Litigants are also obligated to comply with Court orders. See generally Fed. R. Civ. P. 41(b) (district court may dismiss an action "[f]or failure of the plaintiff to prosecute."). Before dismissing a case for failure to prosecute, a district court must consider the following factors: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." Hillig v. Comm'r of Internal Revenue, 916 F.2d 171, 174 (4th Cir. 1990).

Petitioner has failed to keep the Court apprised of his current address, has not responded to the Court's January 15, 2016, Order, and has not filed anything in this case for more than a year and a half.

Before dismissing this action for failure to prosecute, the Court will give Plaintiff ten days in which to notify the Court of his updated address and comply with the Court's January 15, 2016, Order.

**IT IS, THEREFORE, ORDERED that:**

1. Plaintiff shall have ten days from service of this Order in which to notify the Court of his change in address and comply with the January 15, 2016, Order.

2. The Clerk is directed to mail this Order to Plaintiff's address as listed on the Court's docket report.

Signed: September 14, 2017

Frank D. Whitney
Chief United States District Judge